IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLIE BULLOCK,             )
                                 )
    Petitioner,           )
                                 )
v.                            )         Civil Action No. 3:25-cv-90–HEH
                                 )
UNKNOWN,             )
                                 )
    Respondent.       )

**MEMORANDUM OPINION**
(Dismissing Successive § 2254 Petition)

Petitioner Charlie Bullock ("Petitioner"), a Virginia inmate proceeding *pro se*, submitted a "MOTION TO VACATE 28 U.S.C. § 1331," attacking his convictions for malicious wounding, use a firearm, and possession of a firearm by felon in the Circuit Court for the City of Richmond. (ECF No. 1.) As discussed below, Petitioner's submission must be construed as a successive and unauthorized 28 U.S.C. § 2254 petition as this Court has previously denied a 28 U.S.C. § 2254 petition challenging these convictions. *Bullock v. Clark*, No. 3:19CV774, 2020 WL 2558232, at *1–3 (E.D. Va. May 20, 2020), *appeal dismissed*, 818 F. App'x 248, 249 (4th Cir. Aug. 25, 2020).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid that result by simply omitting reference to 28 U.S.C. § 2254 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Petitioner's current motion argues that his trial was unfair, his trial counsel was ineffective, there was fraud, and his conviction should be void (ECF No. 1, at 2), falls squarely within the ambit of 28 U.S.C. 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148 (REP), 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to consider the present § 2254 petition. Therefore, the action will be dismissed without prejudice for want of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: February 25, 2025
Richmond, Virginia

2